## CAMPBELL et v STATE

Ohio Appeals, 2nd Dist, Greene Co

No 409. Decided Nov 29, 1935

F. L. Johnson, Xenia, for plaintiff in error.

Marcus E. McCallister, Pros. Atty., Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

We are unable to conclude that the facts in the instant case are either within the letter or spirit of the exemption statute above quoted. In the instant case it is conclusively shown that these shallow boides of water were in the channel of Mud Run and therefore had a connection with the channel of such stream. As we construe §1418 GC it refers to overflow waters, which in times of high water traverse and occupy territory outside the channel of a stream. When the waters recede there is frequently left a lagoon or pond having no connection with the channel of the stream. Such lagoon or pond through natural processes would dry up through evaporation and percolating in the ground thereunder. These are the lagoons or ponds from wihch fish may be taken at any time and in any manner.

The theory of counsel for plaintiffs in error, that the fish were dying in these shallow pools, does not meet the issue. It is the claim of the Game Warden that he was policing the stream and removing the fish from the shallow water to deeper waters. If we were passing sentence in the instant case it is quite likely we would take into consideration the attending circumstances and might under a proper showing suspend the imposition of sentence. Of course, we have no such power under this proceeding in review. The right to suspend, if at all, rests entirely with the trial court. Finding no prejudicial error the judgment of the court below will be affirmed and costs adjudged against plaintiff in error.

HORNBECK, and BODEY, JJ, concur.